IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID EDGAR WONNACOTT,

    Plaintiff,

v.

CPT. DAVID HEEHN, et al.,

    Defendants.

Case No. 2:19-cv-00567-JR

ORDER

MOSMAN, J.

Plaintiff, an adult in custody at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for Emergency Injunction (ECF No. 40). For the reasons that follow, the Court DENIES plaintiff's Motion.

**BACKGROUND**

Plaintiff's Second Amended Complaint alleges denial of medical care in violation of his Eighth Amendment rights.[1] Plaintiff's Motion for Emergency Injunction requests a mandatory

---

[1] Plaintiff also alleges additional claims for relief which are not at issue in his Motion for Emergency Injunction.

1 - ORDER

injunction requiring defendants to provide plaintiff with aides to assist him and to provide plaintiff corrective surgery. Other than a reference in the Second Amended Complaint to a lower-leg surgery to remove hardware which was not successful, plaintiff does not submit any evidence providing a basis for his request for either the assistance of aides or corrective surgery.

Defendants contend plaintiff is not entitled to the preliminary injunctive relief sought because plaintiff filed a petition for habeas corpus relief in state court seeking the same relief.[2] Defendants argue this court should not re-examine issues already pending before the state court, and should instead defer to the state court and deny injunctive relief.

## **LEGAL STANDARDS**

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the defendant is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). To establish entitlement to a preliminary injunction, a plaintiff generally is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the alternative, the Ninth Circuit recognizes that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Id. at 1132. Thus, a court may

---

[2] *Wonnacott v. Blewett*, Umatilla County Circuit Court Case No. 20CV41849.

2 - ORDER

enter a preliminary injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." M.R. v. Dreyfus, 697 F.3d 706, 725 (9th Cir. 2012) (citing Alliance for the Wild Rockies, 632 F.3d at 1132).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction. See Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction") (citing Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980)). Mandatory injunctive relief is disfavored, and should be denied at the preliminary injunction stage unless the facts and law clearly favor the moving party. Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994).

Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## DISCUSSION

As noted, other than the brief allegation contained in his Second Amended Complaint, plaintiff submits no evidence supporting his claim for a mandatory injunction requiring defendants to provide plaintiff with aides to assist him and to provide plaintiff corrective surgery. In the absence of any such evidence, plaintiff cannot establish he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, or that an injunction is in the public interest. Much less has plaintiff established facts and law clearly favoring him so as to warrant mandatory injunctive relief. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ("a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion") (quotations and citations omitted, emphasis in original). Accordingly, plaintiff's motion must be denied. Because plaintiff has not satisfied his burden, the court declines to consider whether the pending Umatilla County state habeas corpus action precludes plaintiff from seeking relief herein.

## CONCLUSION

For these reasons, the Court DENIES plaintiff's Motion for Emergency Injunction (ECF No. 40).

IT IS SO ORDERED.

DATED this 15 day of March, 2021.

_____
Michael W. Mosman
United States District Judge